Minnie T. NORRELL, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 2668.

United States District Court
W. D. South Carolina,
Greenville Division.

May 19, 1965.

George F. Townes and Theodore A. Snyder, Jr., Greenville, S. C., for plaintiff.

John C. Williams, U. S. Atty., by James D. McCoy, III, Asst. U. S. Atty., Greenville, S. C., for defendant.

SIMONS, District Judge.

This action was brought by plaintiff pursuant to Section 205[g] of the Social Security Act, as amended [42 U.S.C.A. § 405[g]] to obtain court review of the decision of the Secretary of Health, Education and Welfare [hereinafter referred to as the Secretary] that plaintiff had failed to establish that she was "disabled" within the meaning of the Act prior to the expiration date of her insured status.

Plaintiff filed application September 10, 1957, to establish a period of disability and for disability benefits, pursuant to Section 216[i] and Section 223 of the Act, alleging that she first became unable to engage in substantial gainful employment in February 1944. A hearing was held April 16, 1959, and plaintiff was determined not to be "disabled" within the meaning of the Act. By order of District Judge C. C. Wyche, Western District of South Carolina, dated November 18, 1960, the case was remanded to the Secretary for purpose of taking additional testimony and evidence on behalf of either or both parties. Pursuant thereto a re-hearing was held April 23, 1962, following which the Secretary again determined that plaintiff had failed to establish that she became "disabled" within the meaning of the Act during any period prior to December 31, 1945, after which time claimant's special insured status for disability purposes expired.

The question before the court is whether or not there is substantial evidence in the record to support the decision of the Secretary that plaintiff did not become "disabled" within the meaning of the Act before the expiration date of her insured status. Thomas v. Celebrezze, 331 F.2d 541 [4th Cir. 1964].

From a review of the record it appears that plaintiff alleges she became disabled in 1944 principally due to nervousness, inability to do heavy lifting, general weakness, hypertension and menopausal crisis. The only medical record of treatment received by claimant prior to December 31, 1945, is that of Dr. John W. League, who diagnosed claimant's condition as obesity, hypertension and menopausal crisis during period from 1945–1948. In report dated July 30, 1958, Dr. League included no restrictions on claimant's activity whereas in subsequent report dated September 6, 1961, he stated claimant could not engage in any substantial gainful employment during the said period. All other medical treatment afforded plaintiff and offered as evidence of her disability was subsequent to 1945. Plaintiff was never hospitalized.

The burden of proof is upon claimant to prove disability. Bradey v. Ribicoff, 298 F.2d 855 [4th Cir. 1962].

Considering the record as a whole I must conclude that there is substantial evidence to support the findings of the Secretary that plaintiff has failed to prove that she became "disabled" prior to December 31, 1945, expiration date of her insured status.

It is therefore ORDERED that the decision of the Secretary denying plaintiff a period of disability and disability benefits under the Act be, and it hereby is, affirmed.

Let judgment be entered accordingly.